IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



| | |
|---|---|
| DAWN RUSTAD-LINK,<br><br>Plaintiff,<br><br>vs.<br><br>PROVIDENCE HEALTH AND SERVICES and UNUM GROUP CORPORATION ("UNUM"),<br><br>Defendants. | CV 16–136–M–DWM<br><br><br>ORDER |

On January 31, 2018, the Amended Opinion and Order in this matter granted summary judgment in favor of Plaintiff Dawn Rustad-Link and ordered her to submit requests for (1) attorney's fees and costs and (2) an award of pre-judgment interest. (Doc. 36 at 37-38.) Rustad-Link subsequently submitted both requests, (Docs. 37 and 38), and Defendants did not object to either, (Docs. 40 and 41).

Rustad-Link requests an award of attorney's fees and costs in the amount of $41,024.90—$40,600.00 in attorney's fees and $424.90 in costs. (Doc. 37 at 2.) ERISA provides that, in an action brought by a plan beneficiary such as Rustad-Link, "the court in its discretion may allow a reasonable attorney's fee and costs of

action to either party." 29 U.S.C. § 1132(g)(1). Under § 1132(g)(1), "a fees claimant must show some degree of success on the merits before a court may award attorney's fees." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255 (2010). "A claimant does not satisfy that requirement by achieving trivial success on the merits or a purely procedural victory, but does satisfy it if the court can fairly call the outcome of the litigation some success on the merits without conducting a lengthy inquiry into the question whether the particular party's success was substantial or occurred on a central issue." *Id.* (internal quotations and alterations omitted). Here, no lengthy inquiry is needed: Rustad-Link squarely prevailed on the merits of her claim following litigation lasting approximately 15 months and involving an extensive record and complex motions for summary judgment. Her request for attorney's fees and costs, supported by documentation and affidavit, is reasonable.

Rustad-Link requests an award of prejudgment interest on her improperly withheld benefits at a rate of 1.79% compounded annually. (Doc. 38 at 2.) It is within the district court's discretion to grant prejudgment interest on an award of ERISA benefits. *Blankenship v. Libert Life Assur. Co. of Boston*, 486 F.3d 620, 627 (9th Cir. 2007). Because "[p]rejudgment interest is an element of compensation, not a penalty," a district court acts within its discretion when it

awards prejudgment interest necessary to compensate a claimant for the losses she incurred because of benefit nonpayment. *Dishman v. Unum Life Ins. Co. of Am.*, 269 F.3d 974, 988 (9th Cir. 2001). "Generally, the interest rate prescribed for post-judgment interest under 28 U.S.C. § 1961 is appropriate for fixing the rate of pre-judgment interest unless the trial judge finds, on substantial evidence, that the equities of that particular case require a different rate." *Blankenship*, 486 F.3d at 628 (internal quotation omitted). Section 1961(a) in turn provides that "[s]uch interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." That calculation in turn yields an interest rate of 1.79%. (*See* Doc. 39 at 4; Doc. 39-1.)

Accordingly, IT IS ORDERED that Rustad-Link's motion for an award of attorney's fees and costs (Doc. 37) is GRANTED. Rustad-Link is awarded attorney's fees and costs in the amount of $41,024.90.

IT IS FURTHER ORDERED that Rustad-Link's motion for an award of prejudgment interest (Doc. 38) is GRANTED. Rustad-Link is awarded prejudgment interest on her improperly withheld benefits at a rate of 1.79% compounded annually.

IT IS FURTHER ORDERED that Rustad-Link's request for entry of judgment (Doc. 42) is GRANTED. The Clerk of Court is directed to enter judgment according to the Amended Order and Opinion of January 31, 2018 (Doc. 36).

DATED this 15th day of March, 2018.

Donald W. Molloy, District Judge
United States District Court